UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LOUIS MATTHEW CLEMENTS,

    Plaintiff,

v.                                                    Case No. 2:22-cv-190-MAP

COMMISSIONER OF SOCIAL SECURITY

    Defendant.
_____/

## ORDER

On March 1, 2023, I affirmed the Commissioner's denial of benefits. *See* Doc. 27. Plaintiff now moves for relief from that judgment pursuant to Fed. R. Civ. P. 60(b)(1) (mistake), (b)(2) (new evidence), and (b)(3) (fraud), and he also moves for a stay of his appeal to the Eleventh Circuit. *See* Doc. 33. The upshot of his pleading is that I mistakenly pinned the dates of two diagnoses (he now claims the two occurred earlier than I noted, but even assuming he is correct on this score, he doesn't say how that conceivably changes the result); he has new medical evidence that warrants a remand under sentence six of 42 U.S.C. § 405(g); and the Social Security system is hopelessly flawed and plagued with fraud (although he provides absolutely no evidence that any fraud occurred in his case). Only the new evidence argument under Rule 60(b)(2) needs minimal explanation, but that one like the others is without merit.

A Rule 60(b)(2) motion for relief from judgment demands the movant meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result." *Vasconcelo v. Miami Auto Max, Inc.*, 851 F. App'x 979, 982–83 (11th Cir. 2021) (citations omitted). It's an extraordinary motion that requires the movant's strict adherence to test. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000). These demands predictably mirror those a Social Security claimant must satisfy for a remand under 42 U.S.C. § 405(g)'s sentence six for new evidence: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result, and (3) there is good cause for the failure to submit the evidence at the administrative level." *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 821 (11th Cir. 2015) (quoting *Caulder v. Bowen,* 791 F.2d 872, 877 (11th Cir.1986)). Notably, I rejected the Plaintiff's earlier sentence six arguments in my March 1, 2023, Order. His current claims are not that different and similarly flawed. To the extent that he offers a post-Order dated questionnaire from his long-standing treating physician about his impairments, he fails to show why he didn't offer that at the administrative level or even how that changes the result in view of the ALJ's findings. To the extent that some of his impairments may have worsened since I issued the Order, he doesn't show how that fact, assuming

2

that is true, impacts the Commissioner's non-disability finding. But even if he has some new condition that post-dates the administrative finding, and it's one that conceivably impacts disability, his recourse is to file a new application for benefits. And even if that new application were to be successful, that would not mean his current effort is suddenly worthy. *Hunter,* 808 F.3d at 822 (A subsequent disability finding is not new evidence for the prior administrative denial; it is just evidence of a decision.). For all these reasons, the motion (Doc. 33) is DENIED.

    DONE AND ORDERED in Tampa, Florida on July 31, 2023.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc:    Counsel of Record